UNITED STATES of America,
Plaintiff–Appellee,

v.

James J. GREULICH, Defendant–
Appellant.

No. 00–50613.

D.C. No. CR 98–1222–CAS–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Nov. 19, 2001.

Before PREGERSON, REINHARDT,
and SILVERMAN, Circuit Judges.

## MEMORANDUM [1]

James Greulich appeals his conviction for subscribing to false tax documents in violation of 26 U.S.C. § 7206(1), and conspiracy to do so under 18 U.S.C. §§ 2(b), 371 and 26 U.S.C. § 7206(1).

■ Greulich's conviction on counts three, four, and five of the indictment cannot stand. Those counts charged him under 26 U.S.C. § 7206(1) with making false statements on IRS forms 5754, which he completed when claiming gambling winnings at racetracks. The government alleges that the forms he submitted were false because they omitted the persons who were actually entitled to the winnings, and thus created the false impression that all of the receipts should have been taxable to Greulich. Greulich completed the first part of the two-part form, entitled "Person to Whom Winnings are Paid," by listing himself. Part II of the form, which was labeled "Person to Whom Winnings are Taxable," instructed the person filling out the form to list all persons, including himself, entitled to any portion of the proceeds. Greulich failed to fill out this Part of the form at all, and thus failed to list himself or any other persons. As a result he did not furnish *any* names of persons who were entitled to the payment. Accordingly, he did not violate the certification made under penalty of perjury that "the names ... *which I have furnished* ... correctly identify each person entitled to any portion of the payment...." (emphasis added). The conviction on these counts must therefore be set aside.

■ In contrast, on the form 5754 that serves as the basis for count six, Greulich listed two names in Part II of the form.

The names he furnished, however, did not "correctly identify each person entitled to any portion of [the] payment," because he omitted the name of Philip Ramirez, who was entitled to the funds. Accordingly, the conviction on that count is affirmed.

Greulich's conspiracy conviction is also affirmed. The object of the conspiracy was to obtain tax refunds to which Greulich was not otherwise entitled by overstating his losses on his tax return and submitting inaccurate tax forms. The testimony of his co-conspirator, as well as documentary evidence, established the necessary elements of this conspiracy. *See United States v. Lennick,* 18 F.3d 814, 818 (9th Cir.1994) (listing elements).

■ Finally, Greulich appeals his conviction on two counts of filing false tax returns. On both his 1995 and 1996 tax returns, Greulich attached forms containing false statements. His 1995 return included two forms W–2G, on which he certified that "no other person is entitled to any part of these payments." However, the testimony showed that another gambler, James Wilkinson, was entitled to those payments. Greulich's 1996 tax return included as an attachment the untruthful form 5754 at issue in count 6. We affirm Greulich's conviction for false statements on these two tax returns because the forms containing misrepresentations were attached to his forms 1040 and therefore became "integral parts" of that filing. *United States v. Ladum,* 141 F.3d 1328, 1335 (9th Cir.1998).

Greulich's convictions on counts three, four and five are REVERSED, his convictions on the remaining counts are AFFIRMED, and the case is REMANDED

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

for re-sentencing in light of this disposition.

SILVERMAN, Circuit Judge, concurring in part and dissenting in part.

I agree with my colleagues that Counts 1, 2, 6 and 7 should be affirmed, but respectfully dissent from their conclusion that Counts 3, 4 and 5 should be reversed.

The majority gives a fanciful interpretation of what it means to leave blank Part II of the Form 5724, the portion of the form calling for the names, addresses, etc. of "Persons to Whom Winnings are Taxable." I respectfully suggest that the only reasonable interpretation of leaving Part II blank, and then declaring under penalty of perjury that the signer has "correctly identif[ied] each person entitled to any portion of this payment and any payments from identical wagers," is that the signer is declaring that there are no such persons. In truth, there *were* such persons, and the government proved that the defendant knew that. Because the government proved that the defendant's declarations in Counts 3, 4 and 5 were wilfully and knowingly false, I would affirm the district court as to all counts.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, United States Senior District Judge for the Northern District of California, sitting by designation.